SCHEB, Judge.
Appellant Kane pled nolo contendere to two charges of possession of a controlled substance, specifically reserving the right to appeal the trial court’s orders denying his motions to suppress evidence. The trial court adjudged him guilty of both charges, and sentenced him to two concurrent, indeterminate prison terms of from six months to two years with credit for time served while awaiting sentencing. Appellant argues the evidence against him was obtained as a result of an illegal search and seizure. We think appellant’s contention is meritorious and reverse.
The testimony at the suppression hearing came entirely from Deputies Tilley and Devlin of the Pasco County Sheriff’s Department. These officers testified that on the evening of January 26, 1977, they were on a special burglary detail in an unmarked patrol car. Around 10:30 p. m. as they turned into the parking lot of the 8 Days Inn Motel near Hudson, they noticed two men sitting in an unlighted automobile parked between the motel restaurant, which was closed at the time, and the motel itself. The officers drove through the parking lot, and as they approached the exit several moments later they noticed that the car and its occupants were still there. Suspecting that these men might have just committed or were about to commit a burglary, the officers decided to question them. The officers pulled into a parking space parallel to the suspicious car and got out of their police vehicle. The two deputies then asked appellant and his passenger to get out of their car and produce identification. As appellant was leaving the car, Tilley observed in plain view what he described as an “M-80 ... a long firecracker-like — shaped like a long cylinder with a fuse coming out the side ... an inch- and-a-half long and probably half an inch round” on the front seat of appellant’s vehicle. Tilley ordered appellant and the other man to the rear of their car where he and Deputy Devlin frisked them. The officers discovered additional M-80’s at this time. Then, while Tilley examined their identification, Devlin searched the car and found marijuana, percodan, and valium under the front seat. Further search revealed another bag containing marijuana under the car.
The state attempted at the suppression hearing, as it does here, to justify the war-rantless search of appellant’s vehicle on only one ground — as a search incident to a valid arrest for possession of explosives. For the reasons we now discuss we must reject the state’s argument.
Section 552.081, Florida Statutes (1975), defines explosives as follows:
[A]ny chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon the application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps and detonators; but not including cartridges for firearms, and not including fireworks as defined in s. 791.01. (Emphasis supplied.)
This definition specifically excludes “fireworks,” which are defined in Section 791.01, Florida Statutes (1975), as:
[A]ny combustible or explosive composition, or any substance or combination of substances, or, except as hereinafter provided, any article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagra *55 tion or detonation, and shall include blank cartridges and toy cannons in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, roman candles, daygo bombs, and any fireworks containing any explosives or flammable compound or any tablets or other device containing any explosive substance.
This subtle distinction between fireworks and explosives is important because it is not illegal to possess fireworks, only to sell or explode them. Section 791.02, Florida Statutes (1975).
From the evidence before the trial court we are forced to conclude that the explosive devices seized from appellant and his companion were not explosives within the statutory definition, but rather were fireworks. The state attorney conceded before the trial court that these devices were fireworks, but further argued that they were explosives as well. This contention is illogical, because fireworks, as defined in Section 791.01, are specifically excluded from the definition of explosives. Since the mere possession of fireworks is not a crime, and there was no evidence that appellant sold or exploded the devices, the officers had, as we have noted, no basis for an arrest. Since the arrest was invalid the search was illegal and the court should have suppressed the contraband.[1] Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Gossett v. State, 188 So.2d 836 (Fla. 2d DCA 1966).
Accordingly, we vacate appellant’s conviction and sentence, reverse the trial court’s orders denying the motions to suppress, and remand this cause for further proceedings consistent with this opinion.
GRIMES, Acting C. J., and DANAHY, J., concur.

. We have some qualms as to whether this search exceeded the permissible scope of a search incident to a valid arrest. See generally Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, it is unnecessary for us to address this point in light of our holding that the arrest was invalid.