DWIGHT L. GEIGER, Associate Judge.
Appellee herein was charged by information with carrying a concealed firearm in violation of § 790.01, Fla.Stat. (1977). The trial court granted his motion to dismiss, and the State appealed.
Prior to entertaining the motion to dismiss, the Court had denied a motion to suppress based upon the State’s contention that the firearm was in plain view. Apparently finding an inconsistency between the State’s position of “plain view” and the charge of a concealed firearm, the Court granted the Appellee’s motion to dismiss.
The facts upon which the motion to dismiss was granted are as follows: Appellee was stopped after dark for a traffic offense and ordered from his car. A police officer, using his flashlight, saw an object protruding from under the front seat. At that time he could not identify the object, but upon closer examination by looking through the open door, he determined the object to be a firearm.
Although it would appear that something which was in plain view could not also be concealed, and thus an inconsistency would exist in the instant case if both the motion to suppress and motion to dismiss were denied, we feel the terms “plain view” and “concealed” are not necessarily mutually exclusive.
In the case of Powell v. State, 369 So.2d 108 (Fla. 1st DCA 1979), the Court held that a firearm does not need to be entirely concealed in order to be a prohibited concealed firearm. In State v. Sellers, 281 So.2d 397 (Fla. 2d DCA 1973) the Court there indicated that in cases where the facts show the weapon could have been a concealed weapon a jury question exists. The Sellers court ruled that a weapon need not be completely concealed, but may be, as here, slightly visible and still be a concealed weapon.
Based upon the above cases we specifically hold that a portion of an unidentified object may be in plain view and yet a reasonable inference can be raised that the unseen portion is such that the object is a concealed firearm within the intent of § 790.01 Fla.Stat. (1977). The question the trial court must ask in ruling on a motion to dismiss in this type of case is whether the firearm could have been concealed from the ordinary sight of another person and thus not be recognized as a firearm. In the instant case we feel the answer is yes, and a question of fact is presented whether the firearm was concealed. The trial judge was in error in granting Appellee’s motion to dismiss. The *15 cause is reversed and remanded for reinstatement of the information and trial.
REVERSED and REMANDED.
ANSTEAD and MOORE, JJ., concur.