PER CURIAM.
McGraw appeals the denial of his motion to dismiss a charge of carrying a concealed firearm; the denial of his motion to suppress marijuana and a firearm seized from his truck; and the imposition of an allegedly illegal sentence. We reverse.
The pertinent facts are as follows: On December 28, 1978 McGraw was stopped by Officer Richardson for driving in an erratic manner. Richardson made McGraw step to the rear of his truck, where he told McGraw why he had been stopped. McGraw returned to his vehicle, at which time, Officers Brown and Andreason arrived at the scene.
Richardson again asked McGraw to step out of his truck, where he conducted a field sobriety test on McGraw. During this test, Andreason walked to the passenger side of the vehicle and looked in the window. He saw a pistol partially covered by a wet suit on the front seat. A cigar box was on top of the wet suit. Andreason called Richardson over to look in the passenger window. Richardson testified that he too saw the pistol. He testified that he did not see the pistol on the two occasions he had been on the driver’s side of the vehicle. The two officers’ testimony revealed they immediately recognized the object partially covered by the wet suit as a pistol.
Richardson returned to the rear of the truck and informed McGraw, who was standing with Officer Brown, he was under arrest for carrying a concealed firearm. After the arrest, Andreason removed the cigar box from the truck, opened it, and seized the marijuana he found inside.
McGraw was charged with carrying a concealed firearm contrary to Section 790.-01(2) Florida Statutes (1977); possession of more than five grams of marijuana contrary to Section 893.13(l)(a)(3) Florida Statutes (1977); and driving with a suspended drivers license contrary to Section 322.34 Florida Statutes (1977). He filed a motion to suppress the pistol and the marijuana, arguing they were illegally seized since there was no probable cause to search the vehicle. He filed a motion to dismiss the firearm charge because the state did not prove concealment. The motions were denied. Subsequent to this denial, he pleaded nolo contendere to the two charges reserving the right to appeal the denial of these motions. McGraw was sentenced to three *446 years probation on each of the three counts provided he served three months in county jail.
The trial court erred in failing to dismiss the charge of carrying a concealed firearm. The facts reveal that neither officer had any difficulty in identifying the object on the front seat as a pistol. They knew immediately it was a pistol. While Richardson might not have been able to see the firearm from one side, he clearly saw the firearm from the passenger side. It is obvious that an object might be seen better from one angle than another.
The state relies on State v. Ensor, 375 So.2d 13 (Fla. 4th DCA 1979), for the proposition that concealed does not mean totally concealed from sight. Ensor, supra held:
[Tjhat a portion of an unidentified object may be in plain view and yet a reasonable inference can be raised that the unseen portion is such that the object is a concealed firearm within the content of Section 790.01 Fla.Stat. (1977). The question the trial judge must ask in ruling on a motion to dismiss in this type of case is whether the firearm could have been concealed from the ordinary sight of another person and thus not be recognized as a firearm. (Emphasis supplied.)
While we agree with the holding in Ensor, supra, the facts of the instant case are distinguishable. Here, there was no unidentified object, and the officers recognized the object as a firearm immediately.
The instant case seems controlled by Powell v. State, 369 So.2d 108 (Fla. 1st DCA 1979) and State v. Day, 301 So.2d 465 (Fla. 1st DCA 1974). Since the officers saw what they knew to be a firearm, the weapon was not concealed within the meaning of the statute.
As to the motion to suppress, the state has taken inconsistent positions. Here, it argues the officers had probable cause to search McGraw’s vehicle because he was arrested for carrying a concealed firearm. Since the firearm was in plain view, the officers had probable cause to make a more extensive search for other weapons. Therefore, they argue the seizure of the marijuana was proper. How can a concealed weapon automatically be transformed into a weapon in plain view to justify a search? We hold it cannot. See State v. Day, supra. Since the arrest for carrying a concealed firearm was error, the subsequent search based upon that arrest was invalid.
The trial judge imposed an illegal sentence upon McGraw when he sentenced him to three years probation for driving with a suspended drivers license. The maximum period of incarceration for this offense is one year in jail. Section 322.34(1) Florida Statutes (1977); Section 775.-082(4)(a) Florida Statutes (1977). The sentence of three years probation is illegal since periods of incarceration and probation cannot exceed the maximum allowable sentence for the offense charged. State v. Holmes, 360 So.2d 380 (Fla.1978). The trial judge shall modify the sentence for driving with a suspended drivers license in accordance with Holmes, supra.
Therefore, we reverse and remand for the entry of an appropriate order and sentence consistent with this opinion.
MILLS, C. J., and McCORD, J., concur.
BOOTH, J., dissents (without written opinion).