404 So.2d 817 (1981)
Thomas David McGRAW, Appellant,
v.
STATE of Florida, Appellee.
No. NN-438.
District Court of Appeal of Florida, First District.
October 13, 1981.
*818 Michael J. Minerva, Public Defender, and Harold Long, Jr., Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Doris E. Jenkins, Asst. Atty. Gen., for appellee.
McCORD, Judge.
The decision of this Court reported at 387 So.2d 444 (Fla. 1st DCA 1980), was quashed and remanded by the Supreme Court of Florida in State v. McGraw, 401 So.2d 1325 (Fla. 1981). The Supreme Court directed that we consider this appeal in light of Ensor v. State, 403 So.2d 349 (Fla. 1981).
In Ensor, as here, the issue to be determined was whether an object observed from a "pre-intrusive open view" and believed by a trained police officer to be a weapon can also simultaneously be a "concealed weapon" prohibited under § 790.01, Florida Statutes (1977). There, two police officers stopped an automobile which was running at night with its headlights turned off. The officers looked into the vehicle with their flashlights for hidden passengers, weapons or other contraband in accordance with normal police procedure. As stated by the Supreme Court:
Peering through the front windshield, one officer spotted a portion of a white object protruding from under the left side of the passenger floormat. From squatting and looking into the already-opened passenger door, the officer determined the object to be a derringer pistol. At that point the officer entered the vehicle and retrieved the weapon.
Ensor was charged with carrying a concealed weapon in violation of § 790.01. The state contended that the weapon was in "plain view" and, therefore, properly seized; Ensor contended that if the pistol was in "plain view," it could not be "concealed," and the trial court granted Ensor's motion for dismissal. The Fourth District Court of Appeal reversed, and the Supreme Court affirmed.
The facts of the case sub judice are similar. McGraw was stopped by an officer for driving in an erratic manner; two additional officers arrived at the scene and one of them looked in the window where on the front seat he saw a pistol partially covered by a wet suit. (A cigar box, which was later discovered to contain marijuana, was on top of the wet suit.) He called another officer over, and that officer testified that he, too, saw the pistol. That officer also testified that he did not see the pistol on two occasions when he had been on the driver's side of the vehicle. Both officers testified they immediately recognized the object partially covered by the wet suit as a pistol. In resolving the question in our previous decision, we considered the holding of the Fourth District Court of Appeal in State v. Ensor, 375 So.2d 13 (Fla. 4th DCA 1979), but found the facts in the instant case distinguishable from those in Ensor. The basis for that distinction was that, here, the officers immediately recognized the object as a firearm, and thus it was not a concealed firearm, while in Ensor, the pistol was not readily discernible.
On the question of the circumstances under which a firearm or weapon is "concealed," the Supreme Court points to the definition obtained in § 790.001(2), Florida Statutes (1977):

*819 "Concealed firearm" means any firearm ... when the same is carried on or about a person in such a manner as to conceal said firearm from the ordinary sight of another person.
The Supreme Court went on to say:
We agree with the majority view and find that absolute invisibility is not a necessary element to a finding of concealment under Section 790.001. The operative language of that section establishes a two-fold test. For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person. The term "on or about the person" means physically on the person or readily accessible to him. This generally includes the interior of an automobile and the vehicle's glove compartment, whether or not locked. The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life. Ordinary observation by a person other than a police officer does not generally include the floorboard of a vehicle, whether or not the weapon is wholly or partially visible... .
These statements are not intended as absolute standards. Their purpose is to make it clear that a weapon's possible visibility from a point outside the vehicle may not, as a matter of law, preclude the weapon from being a concealed weapon under 790.001. .. . In all instances, common sense must prevail. The critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm. The ultimate decision must rest upon the trier of fact under the circumstances of each case... . We hold that appellant's prosecution for possession of a concealed firearm was permissible and that the firearm was wrongfully suppressed. The jury should determine whether this weapon was concealed under these facts.
Considering the Supreme Court's pronouncements in Ensor, we conclude that under the facts of the case sub judice, the question of whether or not the partially concealed firearm (which could be seen by a police officer looking through the window on the passenger's side but was not seen through the window on the driver's side) was a concealed firearm was a question of fact for the jury. Neither the trial court nor this Court could properly rule as a matter of law that it was not a concealed firearm. The trial court, therefore, did not err in denying McGraw's motion to dismiss the charge or in denying his motion to suppress the firearm seized from his vehicle or to suppress the marijuana found in the cigar box after McGraw's arrest. Having pled nolo contendere reserving the right to appeal the denial of his motions, appellant thereby rested his case on appeal on the validity of the trial court's rulings on the motions. The trial court having ruled correctly, his convictions are affirmed.
In Ensor, the Supreme Court's opinion elucidates the difference between "plain view" and "open view." It would serve no useful purpose to repeat that analysis here. Suffice it to say, however, that the Supreme Court points out that the view of the officers in both Ensor and the case sub judice was "open view" as distinguished from "plain view."
The trial court imposed an illegal sentence upon McGraw, however, when he sentenced him to three years' probation for driving with a suspended driver's license. The maximum period of incarceration for this offense is one year in jail. Section 322.34(1), Florida Statutes (1977); § 775.082(4)(a), Florida Statutes (1977). The sentence of three years' probation is illegal since periods of incarceration and probation cannot exceed the maximum allowable sentence for the offense charged. State v. Holmes, 360 So.2d 380 (Fla. 1978). The sentence for driving with a suspended driver's license is, therefore, vacated.
Reversed and remanded for the entry of an appropriate sentence for driving with a *820 suspended driver's license. The judgments and the remaining sentences are affirmed.
MILLS and BOOTH, JJ., concur.