430 So.2d 517 (1983)
STATE of Florida, Appellant,
v.
Kenneth HANKERSON, a/K/a Willie Neal, Appellee.
No. 82-830.
District Court of Appeal of Florida, Second District.
April 22, 1983.
*518 Jim Smith, Atty. Gen., Tallahassee, and Ann G. Paschall, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellee.
HOBSON, Acting Chief Judge.
Appellee, Kenneth Hankerson, was charged by information with three counts of carrying a concealed firearm, specifically, a Marlin rifle, a short-barreled rifle and a short-barreled shotgun, and with two counts of possession of a short-barreled weapon.[1] The state appeals an order granting his motion to dismiss and suppress. We reverse.
The facts are undisputed. On November 20, 1981, Trooper Daum received information from a passing motorist about a vehicle being driven in an erratic manner on Highway 27 in Highlands County. After locating the described vehicle and personally observing its erratic operation, Trooper Daum stopped it on the suspicion that its operator was driving under the influence of alcohol. The driver of the vehicle got out and explained to Trooper Daum that the vehicle had mechanical problems. Trooper Daum and the driver went to the front of the vehicle to discuss the problem. From the front of the vehicle Trooper Daum observed appellee sitting in the front passenger seat slouched forward with his elbows on his knees and his hands between his legs. Another occupant was sitting in the rear passenger seat. Trooper Daum could not see any weapons.
While Trooper Daum was talking to the driver, Trooper Tomlinson approached the driver's side of the vehicle and observed a whiskey bottle through the window. Trooper Tomlinson opened the driver's side door to get a better look at the bottle, shined his flashlight into the car, and observed, wedged between the two front bucket seats, four to six inches of the middle part of a rifle barrel and the top part of the chamber, including the cocked hammer. The gun was obscured by the console between the two front seats and appellee, who was leaning over it with one arm draped over the butt of the rifle. According to Trooper Tomlinson, appellee was trying to keep him from seeing the rifle.
After observing the rifle, Trooper Tomlinson ordered appellee and the other occupant out of the vehicle. Appellee was then placed under arrest for carrying a concealed firearm. At that point, Trooper Daum frisked appellee, the driver and the other occupant of the vehicle. Trooper Daum found a shotgun cartridge and several rifle cartridges on appellee, several shotgun cartridges on the driver, and several .22 caliber cartridges on the other occupant. The troopers then looked in the vehicle for weapons corresponding to the ammunition found on the persons of the vehicle's occupants. Trooper Daum found an unlatched attache' case lying on the floor of the vehicle. The attache' case contained a sawed-off shotgun and a sawed-off rifle.
The automobile search which revealed the attache' case containing the two sawed-off weapons was clearly proper provided the arrest of appellee was valid. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Therefore, the sole issue for examination on appeal is whether probable cause existed to arrest appellee for carrying a concealed weapon. Specifically, we must decide whether the Marlin rifle was in fact a concealed firearm within the meaning of section 790.001(2), Florida Statutes (1981).
A firearm is concealed if it is 1) carried on or about a person and 2) hidden from the ordinary sight of another person. § 790.001(2), Fla. Stat. (1981); Ensor v. *519 State, 403 So.2d 349, 354 (Fla. 1981). The term "on or about a person" means physically on the person or readily accessible to him. Id.; McGraw v. State, 404 So.2d 817, 819 (Fla. 1st DCA 1981). The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life. Ensor, 403 So.2d at 354; McGraw, 404 So.2d at 819.
The facts of the case sub judice show that the Marlin rifle was wedged between the front seats of the vehicle with only four to six inches of the middle part of the gun barrel and the top part of the chamber showing. The testimony of Trooper Tomlinson also reveals that appellee was leaning over the rifle in an attempt to hide it. Thus, while there is no question that the rifle was "on or about" appellee's person, there is some question as to whether the rifle was hidden from the "ordinary sight of another person." We believe that the rifle could be characterized as being hidden from the ordinary sight of the average person.[2] Absolute invisibility is not a necessary element to a finding of concealment under section 790.001(2). Ensor.
We therefore hold that prosecution of appellee for a concealed firearm is permissible and that the court below inappropriately resolved the disputed fact of concealment in appellee's favor. A jury should determine whether the firearm was concealed under these facts. See State v. Bethea, 409 So.2d 1139 (Fla. 2d DCA 1982).
Accordingly, we reverse the order granting appellee's motion to dismiss and suppress and remand the cause for reinstatement of counts I, IV and V of the information.
REVERSED and REMANDED.
SCHOONOVER and LEHAN, JJ., concur.
NOTES
[1] The state subsequently entered a nolle prosequi as to counts II and III of the information charging appellee with concealing the short-barreled weapons.
[2] We note that the ordinary lawful observations of a police officer are not the same as the ordinary observations of the average person making normal contact with an individual. Ensor v. State, 403 So.2d 349, 354 (Fla. 1981).