WIGGINTON, Judge.
The State appeals an order granting ap-pellee’s motion to dismiss the charge against him of carrying a concealed firearm. We affirm.
The State first argues that since it filed a traverse to appellee’s motion to dismiss, alleging disputed material facts, the trial judge was obligated to deny the motion. State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979). However, contrary to the State’s contention, its traverse failed to controvert any specific material allegation of the motion to dismiss and, in fact, appel-lee accepted the facts alleged therein as correct. Thus, the trial judge was not required to deny automatically the motion. State v. Holliday, 431 So.2d 309 (Fla. 1st DCA 1983).
The State’s second argument presents the novel question of whether a weapon can be considered concealed, pursuant to section 790.001(2), by the mere fact that it was not visible through the tinted windows of an automobile. The undisputed facts show that on June 18, 1983, at approximately 9:35 p.m., Officer Leaptrot of the Duval County Sheriff’s office stopped ap-pellee for driving without headlights. Ap-pellee exited his vehicle and met the officer behind it. When the officer requested to see his driver’s license, appellee unhesitatingly opened the left rear door of his car to retrieve the license from the pocket of some clothing there. When appellee opened the door, Officer Leaptrot saw the muzzle portion of a rifle, which was lying uncovered on the front seat of the car.
The sole alleged probable cause for arresting appellee and charging him with carrying a concealed firearm, pursuant to section 790.001(2), Florida Statutes, was the fact that the car had tinted windows through which in the “ordinary sight of another person,” the firearm could not be *73 seen. In his motion, appellee asserted that the above facts did not establish a prima facie case of guilt, to which the State responded in its traverse that the question of concealment is one for the trier of fact. The State relies upon such cases as Ensor v. State, 403 So.2d 349 (Fla.1981) and State v. Hankerson, 430 So.2d 517 (Fla. 2d DCA 1983) in which the courts determined that the question of whether a partial concealment of a weapon was within the “ordinary sight of another person” within the meaning of section 790.001(2) should be deferred to the trier of fact.
We decline to apply the principles of En-sor and Hankerson to the facts of the instant case. Unlike the defendants in those cases, appellee undisputedly did not have his gun covered in any manner but instead merely had it lying openly on the front seat of his car. Only the tinted windows obstructed it from view. A certain degree of tinting on motor vehicle windows has been approved by the Florida Legislature. Chapter 316, Fla.Stat. The record before us contains no allegation or evidence that appellee’s tinted windows failed to meet the specifications of chapter 316. Therefore, we must assume that appelleé was driving a “legal” vehicle.
We are appreciative of law enforcement’s proven fears concerning the use of tinted glass on vehicles, and are reluctant to endorse the legislature’s approval of darkly tinted windows on motor vehicles. Nonetheless, we decline to rule that, by the mere fact of appellee’s vehicle sporting “legal” tinted windows, his act of carrying a firearm openly on the front seat of his car, in a manner that would be legal in a car that did not have tinted windows, could constitute the crime of carrying a concealed weapon.
The trial judge was correct in granting appellee’s motion to dismiss under the circumstances. However, we certify the following question to the Supreme Court of Florida as one of great public importance under Fla.App.R. 9.030(a)(2)(A)(v):
DOES THE CARRYING OF A FIREARM BY THE OCCUPANT OF A MOTOR VEHICLE HAVING TINTED WINDOW GLASS WHICH PREVENTS THE FIREARM FROM BEING VISIBLE WITHIN THE ORDINARY SIGHT OF PERSONS OUTSIDE THE VEHICLE, ALTHOUGH THE FIREARM IS OTHERWISE IN CLEAR VIEW AND UNCONCEALED, CONSTITUTE THE OFFENSE OF CARRYING A CONCEALED FIREARM UNDER SECTION 790.01(2), FLORIDA STATUTES? AFFIRMED.
SMITH, J., concurs specially with written opinion.
NIMMONS, J., dissents with written opinion.