SMITH, Judge,
specially concurring.
I concur in the result reached in Judge Wigginton’s opinion, and write only to express briefly the basis upon which I feel the trial court’s ruling should be affirmed.
First, I find some merit in the state’s position that one carrying an otherwise openly visible firearm within easy reach inside a vehicle with darkly tinted windows may be considered as “carrying” a “concealed weapon.” [1] I am unpersuaded by the argument that since darkness would prevent one from seeing inside a car even with clear windows, the tinted windows on this occasion did not conceal the weapon from ordinary view. The same argument could be made of a person carrying a weapon inside a coat or trousers pocket, in the dark. Although persons ordinarily do not see in the dark, the offense may nevertheless be committed in one’s presence, but simply remain undetected until such time as sufficient light from some source or *74 another — headlights, streetlight, flashlight — makes it possible to determine that the carried weapon is not visible. It is noted that in Ensor v. State, 403 So.2d 349 (Fla.1981), the police officer’s after-dark observation of the gun was made possible only by the use of his flashlight.
I am also unpersuaded by the fact that tinted windows are “legal.” Coats and trousers are also “legal,” but this does not legalize the carrying of weapons concealed within either.
However, there are other reasons for affirmance. I would conclude, first, that .the term “concealed,” as used in the statutory definitions, Section 790.001(2) and (3)(a), and in Section 790.01 (Florida Statutes), defining the offense itself, was intended to be read and interpreted in accordance with its usual and ordinary meaning. A review of the decided cases in Florida discloses that the issue, so far as “concealment,” is concerned, has been viewed as one of determining whether there has been a hiding of the weapon itself in some manner, such as by covering with some material or object, or by placing it in a container or within the clothing, or by placing the weapon in or about some object near but accessible to the person so as to be hidden from ordinary view. See, for example, Powell v. State, 369 So.2d 108 (Fla. 1st DCA 1979) (handle of firearm protruding from rear pants pocket); State v. Riocabo, 372 So.2d 126 (Fla. 3rd DCA 1979) (portion of pistol observed inside defendant’s purse); McGraw v. State, 387 So.2d 444 (Fla. 1st DCA 1980) (pistol partially covered by wet suit on front seat of car); Ensor v. State, supra (portion of what proved to be a derringer protruding from under car seat).
We would seem to be taking a giant leap should we expand the scope of this statutory offense, the crux of which is concealment of the weapon itself, to encompass circumstances under which the weapon is deemed “concealed,” because the carrier himself is “concealed.” I do not believe that expansion of the offense to embrace the latter circumstance is warranted under the statute as presently written.
I am mindful of and deeply concerned that the roving, opaque-windowed motor vehicle is potentially one of the most convenient instruments of crime that could ever be set loose in our society.[2] On the other hand, a great many law-ab.iding citizens obviously find that darkly tinted glass in their vehicles serves desirable and legitimate purposes. I do not feel that it was envisioned by the legislative body at the time the concealment statute was passed, nor at the time of its most recent amendments, that refinements such as the blacked-out car window would have the effect of transforming the otherwise lawful possession of a firearm into a felony of the third degree.[3] I further conclude that the issue is not simply a matter of technical, legal interpretation, but is one in which policy considerations would weigh heavily, no matter what the final answer might be. The matter would seem to be one peculiarly within the province of the legislature, and it would seem to me to be one of such magnitude and importance that it is not likely to be long ignored on the state, or possibly even on the national level. But in any event? it would seem to me that the multitudes of owners who have darkened windows on their cars, vans or trucks, should have the benefit of the increased notoriety that would attend a legislative enactment so severely restricting their right to the otherwise lawful carrying of *75 firearms or other weapons within their vehicles.
I have some reservations concerning our decision to affirm the trial court because of the language found in the Supreme Court’s opinion in Ensor v. State, supra, 403 So.2d at page 355, quoted in footnote 1 above. The emphasized wording seems to support the state’s position here. Notwithstanding this language used by the court, which would seem to furnish an appropriate guide under most circumstances, it would appear to me that a prosecution based upon the state’s “darkened window” theory should be governed by law, and not left to the triers of fact on a ease-by-case basis. For that reason I also concur with Judge Wig-ginton that the question posed in his opinion be certified pursuant to Florida Appellate Rule 9.030(a)(2)(A)(v).

. See, Ensor v. State, 403 So.2d 349 (Fla.1981), in which the court stated (at page 355):
The critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm. The ultimate decision must rest upon the trier of fact under the circumstances of each case, (emphasis supplied)

. Not only does the possession of weapons inside such vehicles pose a threat to law enforcement personnel in the ordinary discharge of their duties — not to mention the danger to the unsuspecting citizen — but the identification of persons inside suspect vehicles is rendered extremely difficult, if not impossible. The countless cases in which alert police officers have been able to spot and apprehend criminal violators speeding away from crime scenes bears witness, I believe, to the impediment to law enforcement presented by these darkened windows.

. Ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).