475 So.2d 213 (1985)
STATE of Florida, Petitioner,
v.
Lewis Abayomi TEAGUE, Respondent.
No. 65638.
Supreme Court of Florida.
August 29, 1985.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for petitioner.
Harold C. Arnold, Jacksonville, for respondent.
Paul A. Rowell, Gen. Counsel, and Michael J. Alderman, Asst. Gen. Counsel, Tallahassee, for Dept. of Highway Safety and Motor Vehicles, amicus curiae.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, First District, in State v. Teague, 452 So.2d 72 (Fla. 1st DCA 1984), which certified the following question to be of great public importance:
Does the carrying of a firearm by the occupant of a motor vehicle having tinted window glass which prevents the firearm from being visible within the ordinary sight of persons outside the vehicle, although the firearm is otherwise is clear view and unconcealed, constitute the offense of carrying a concealed firearm under Section 790.01(2), Florida Statutes?
We answer the certified question in the negative and hold that the weapon in the present case was not a "concealed firearm" within the meaning of section 790.01(2), Florida Statutes (1983).[*]
*214 The facts relevant to this decision are as follows. On June 18, 1983, at approximately 9:35 p.m., an officer of the Duval County Sheriff's Office stopped Teague for driving without headlights. Teague exited his vehicle. When the officer requested to see his driver's license, Teague unhesitatingly opened the left rear door of his car to retrieve the license from the pocket of some clothing. When he opened the door, the officer saw the muzzle portion of a rifle lying uncovered on the front seat of the car. He thereupon arrested Teague for carrying a concealed firearm, in violation of section 790.01(2). The sole alleged probable cause for arresting Teague was that the car had tinted windows through which the firearm could not be seen in the "ordinary sight of another person."
The trial court granted Teague's motion to dismiss on the basis that the facts did not establish a prima facie case of guilt under section 790.01(2).
The district court affirmed and reasoned that the tinted windows did not convert the carrying of a firearm openly on the front seat of a motor vehicle and in an otherwise lawful manner into the crime of carrying a concealed firearm. It, however, certified the question to this Court.
The state contends that the certified question is a factual question which can be answered only by the jury and not this Court. We disagree. This case presents the legal question of whether tinted motor vehicle windows by themselves make a firearm that is otherwise legally carried within a motor vehicle a concealed firearm under section 790.01(2).
The term "concealed" as used in the statutory definitions, sections 790.001(2) and 3(a), must be construed in accordance with its usual and ordinary meaning. We agree with Judge Smith's statement in his special concurrence wherein he reasoned:
We would seem to be taking a giant leap should we expand the scope of this statutory offense, the crux of which is concealment of the weapon itself, to encompass circumstances under which the weapon is deemed "concealed" because the carrier himself is "concealed." I do not believe that expansion of the offense to embrace the latter circumstance is warranted under the statute as presently written.
Id. at 74. Therefore, we hold that tinted motor vehicle windows by themselves do not make an otherwise legally carried firearm a concealed firearm under section 790.01(2).
Accordingly, we answer the certified question in the negative and approve the result of the district court's decision.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Section 790.01(2), Florida Statutes (1983), provides in part: "Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree... ." A concealed firearm is defined as "any firearm ... which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person." § 790.001(2), Fla. Stat. (1983).