494 So.2d 498 (1986)
Henry MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-650.
District Court of Appeal of Florida, Second District.
July 11, 1986.
Rehearing Denied September 16, 1986.
*499 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The state charged defendant Henry Mitchell with carrying a concealed firearm, a violation of section 790.01(2), Florida Statutes (1983). He moved to suppress the firearm, a derringer, as being the fruit of an illegal warrantless search. The trial court denied his motion and a jury subsequently found him guilty of the charge. The court adjudicated him guilty and placed him on two years' probation. In this appeal, defendant contends that the court erred in denying his motion to suppress. We agree.
At the suppression hearing, only Officer Michael Palmieri testified. On March 26, 1984, at about 2:00 a.m., Officer Palmieri and his partner, Officer Yost, saw defendant's car parked near a closed bar. The officers approached the car and asked defendant to roll down the window. Defendant complied and, when questioned, explained that he was waiting to pick up a female acquaintance from the bar. While speaking to defendant, Palmieri looked through the open car window. In the back seat of the car he saw six inches of the butt of a gun sticking out from behind the front passenger seat. Palmieri experienced some difficulty seeing the gun because its woodgrain color blended with the brown leather seats.
Palmieri then asked defendant to step out of the car. Defendant complied, and Palmieri retrieved the gun, a loaded, semiautomatic carbine which was lying at a ninety degree angle with the barrel facing down to the floorboard. The officers arrested defendant for carrying a concealed firearm. After that, Palmieri searched the immediate area in the car where defendant had been sitting. This search, incident to defendant's arrest, yielded an unloaded two-shot derringer positioned between the driver's seat and the console. It was this derringer which was the basis of the state's charge and the defendant's conviction.
Officers who have reasonable grounds or probable cause to believe that a person is carrying a concealed weapon may make a warrantless arrest. § 790.02, Fla. Stat. (1983). The officers may then make a search incident to that arrest. See, e.g., State v. Kemp, 429 So.2d 822 (Fla. 2d DCA 1983). Thus, the propriety of defendant's conviction hinges on whether the officers had reasonable grounds or probable cause to seize the carbine. If so, then the subsequent seizure of the derringer in the search incident to arrest would be proper.
To be concealed, a firearm must be on or about the person and hidden from the ordinary sight of another person. § 790.001(2), Fla. Stat. (1983); Ensor v. State, 403 So.2d 349, 354 (Fla. 1981). "On *500 or about the person" means physically on or readily accessible to the person. Ensor. "Ordinary sight of another person" means casual and ordinary observation in the normal association of life. Ensor. Thus, "[t]he critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm." Ensor, 403 So.2d at 355.
Officer Palmieri observed the carbine through a legally permissive "open view." Ensor, 403 So.2d 352-3, 355. Yet, unlike the officers in Ensor, he recognized the butt of the carbine as being a part of a firearm without changing his position or bending down to look under a car seat to find it. Id. at 355. Moreover, the carbine was not partially covered by a mat. Id. Thus, it did not qualify as hidden from the ordinary sight of the average person. Therefore, it was not a concealed firearm.
Since the carbine was not concealed, it did not furnish the officers a basis to arrest defendant. Consequently, the search incident to defendant's arrest, which revealed the derringer, was illegal. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Kane v. State, 358 So.2d 53 (Fla. 2d DCA), cert. denied, 364 So.2d 892 (Fla. 1978). Because the derringer was the fruit of an illegal search, the trial court erred in denying defendant's motion to suppress. See Wong Sun; Kane.
Accordingly, we vacate defendant's conviction and his placement on probation for carrying a concealed firearm.
DANAHY, C.J., and HALL, J., concur.