# STATE OF FLORIDA v VEIRA and STATE OF FLORIDA v MAREK

## Case Nos. CTC87-21901-G and CTC87-21857-G (Consolidated)

County Court, Volusia County, Florida

February 8, 1988

### APPEARANCES OF COUNSEL

**Larry Sikes,** Assistant State Attorney, for plaintiff.

**John Stanton,** Assistant Public Defender, for defendants.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE having come before the Court on Defendants' Mo-

tions to Suppress on December 28, 1987 and the Court having heard testimony therein, finds as follows:

The facts in the instant case show that a van driven by defendant Veira and in which defendant Marek was a passenger was stopped for an equipment violation. A tag check revealed that the tag belonged on a vehicle which was owned by defendant Marek, i.e., not the van. A large hunting type knife was observed by Volusia County Sheriff's Department Deputy S. Rupert while he was talking with defendant Marek on the passenger side of the van. The knife, which was in a sheath, was located above the driver's door. The knife could not and was not observed by Deputy Rupert while he was on the driver's side of the van.

The knife was seized and the defendants were ordered out of the van. Deputy Rupert testified that he advised the defendants that carrying a concealed weapon was illegal and they could be arrested. The defendants thought they were going to be arrested based on the discovery of the knife. Deputy Rupert indicated he went inside the van for his safety, i.e., evidently to check for any further weapons. Deputy Rupert testified that once he was inside the van he smelled an odor of cannabis. Deputy Rupert testified he observed tweezers and cigarette papers with a black residue on the console between the seats. There was no cannabis in plain view (open view). Deputy Rupert then made a narcotics search based on probable cause. Cannabis was located in the ashtray and in a film mailing envelope on the console between the seats or in the glove box.

The defendants both testified that Deputy Rupert went straight to the closed ashtray and discovered the cannabis. Defendant Marek testified that Deputy Rupert stated that the ashtray is the first place they look for cannabis. A further search revealed cannabis in an unidentified lunch box. The defendants were arrested for possession of cannabis less than twenty grams. The knife was returned; there were no arrests for carrying a concealed weapon.

Deputy Rupert properly seized the knife based on his "pre-intrusion" view of the knife. The seizure of the knife was legally justified under the automobile exception to the warrant requirement and for self-protection. See *Ensor v. State,* 403 So.2d 349 (Fla. 1981). Deputy Rupert was thus lawfully inside the van to seize the knife, i.e., observations made through any of his senses can be properly considered to determine if there was probable cause to believe the defendant(s) had committed or was in the process of committing an offense, i.e., possession of cannabis. The issue becomes whether Deputy Rupert had probable cause to believe there was cannabis in the van.

126

This Court specifically finds that there was no arrest for carrying a concealed weapon. This Court would note that the issue of whether or not the knife was a concealed weapon in violation of s. 790.01 *Fla. Stat.* (1985) would be a question of fact for the jury and not subject to a motion to suppress. *McGraw v. State*, So.2d 817 (Fla. 1st DCA 1981) citing *Ensor v. State, supra;* and *State v. Hankerson*, 430 So.2d 517 (Fla. 2d DCA 1983). Had an arrest occurred for carrying a concealed weapon a search incident to that arrest would have been permissible. See *Mitchell v. State*, 494 So.2d 498 (Fla. 2d DCA 1986) and *State v. Hankerson, supra.* Thus, the search in the instant case which revealed cannabis cannot be validated on a search incident to arrest theory.

The only other basis that could be reasonably propounded to uphold the search in the instant case is a search based on probable cause. Probable cause exists where the facts and circumstances within the police officer's knowledge (and of which he has reasonably trustworthy information) are sufficient within themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed.

Deputy Rupert testified he smelled an odor of cannabis and observed tweezers and cigarette papers with a black residue on the console between the seats leading him to make a narcotics search of the van based on probable cause. The state laid no predicate, i.e., it asked no questions, as to the training and experience of the officer as to his observations through his senses of sight and smell as to the reasonableness of his conclusion that contraband might have been present. The defense, likewise, failed to object to the testimony given based on the lack of predicate.

The above referenced required predicate is illustrated in the case of *State v. Spence*, 448 So.2d 599 (Fla. 2d DCA 1984). The following facts were developed at the motion to suppress hearing.

Officer Street of the Lakeland Police Department, an officer with seven years' experience, was on duty at a Lakeland Civil Center rock concert. *He had made numerous marijuana arrests at the civil center. A typical rock concert produces twenty to thirty marijuana arrests. He was accompanied by Detective Hunley of the Lakeland Police Department who was likewise fully experienced in the area of narcotics crimes. Detective Hunley had made approximately ninety arrests for possession of marijuana at the civil center, and ninety to ninety-five percent had involved rolling paper.*

Prior to the start of the concert, the two officers observed respondent

127

hand rolling cigarettes. The cigarette were twisted on the ends. In addition to observing respondent rolling, licking, and twisting the cigarettes, the officers noticed that respondent was carefully concealing her activity and invariably stopped her activities whenever passerby approached. Detective Hunley was also convinced that the material being used was marijuana. *In all but one case where he had seized hand rolled cigarettes they contained marijuana.* [Emphasis added].

The Court found, in light of all the circumstances and the experience, perception, and careful observation of the officers, probable cause for the search existed.

The Court in *Caplan v. State,* Case No. 4-84-0501 (Fla. 4th DCA July 1, 1987) [12 F.L.W. 1607], a possession of cannabis case resulting in an affirmed conviction, noted that a police officer, *who had extensive training and experience in drug identification,* was justified in reaching the conclusion that a vehicle contained cannabis based on the observation of marijuana "joints" (handrolled marijuana cigarettes) on the floor board coupled with the officer smelling marijuana smoke. See also *State v. Wells,* 516 So.2d 74 (Fla. 5th DCA 1987) and *Berry v. State,* 316 So.2d 72 (Fla. 1st DCA 1975). There was no evidence introduced in the instant case to indicate Deputy Rupert's abilities to recognize cannabis odor or drug contraband based on his senses.

Deputy Rupert indicated that he entered the van for his safety, i.e., evidently to check for weapons. There was no testimony as to any immediate search for further weapons in locations where they might have existed such as under the seat or in the console. Deputy Rupert's entry into the van for safety concerns does not appeared, based on testimony heard, consistent with his decision not to arrest either defendant for carrying a concealed weapon. This Court would also note both defendants testified that Deputy Rupert went right to the ashtray upon his entry into the vehicle. Defendant Marek further testified that Deputy Rupert stated that the ashtray is the first place they look for cannabis.

Notwithstanding any of the above, there was absolutely no facts elicited at the hearing to indicate how the conclusion that a lunchbox which contained a clear plastic baggie with cannabis inside belonged to or was in the possession (requiring knowledge) of Defendant Marek.

The purpose of a pretrial motion to suppress is to dispose of an allegation of an unlawful search and seizure by the Court's determination of what evidence will be admitted at trial. It is not for the

attorneys to determine what questions should be asked at trial and how they should be asked or which objections should be made. This Court's decision in this case is based on the testimony it heard (and the credibility of the witnesses based on that testimony); this Court cannot and will not speculate what the evidence would have shown had the proper questions been asked. THEREFORE, it is hereby;

ORDERED and ADJUDGED that Defendants' Motions to Suppress are granted.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 8th day of February, 1988.