PARKER, Judge.
Shinholser entered a plea of guilty to seventeen felony offenses with the understanding that he would receive nineteen years incarceration. He was thereafter sentenced to seventeen years incarceration to be followed by five years probation on all counts. The total penalty imposed was within the guidelines recommended range of seventeen to twenty-two years. Shinhol-ser now alleges that the trial court erred in the imposition of concurrent sentences under counts IV through XVII, for the reason that these sentences exceed the statutory maximum for each offense. We agree.
Under counts IV, V, VI, VII, VIII, IX, and X, Shinholser was convicted of arson pursuant to section 806.01(2), Florida Statutes (1985), and burglary of a dwelling under counts XI and XII, violative of section 810.02(3), Florida Statutes (1985). The above offenses are all second-degree felonies carrying a fifteen-year maximum penalty. § 775.082(3)(c), Fla.Stat. (1985). Counts XIII, XIV, XV, XVI, and XVII each charge the offense of simple burglary contrary to section 810.02(3), Florida Statutes (1985), which is a third degree felony punishable by a maximum of five years. § 775.082(3)(d), Fla.Stat. (1985).
The total of the incarcerative and probationary portions of a sentence cannot exceed the statutory maximum sentence. McGraw v. State, 404 So.2d 817 (Fla. 1st DCA 1981).
Therefore, Shinholser’s sentences under counts IV through XVII are reversed and remanded for the imposition of the appropriate statutory maximum penalty for each offense. Otherwise, affirmed.
DANAHY, C.J., and FRANK, J., concur.