PER CURIAM.
Jimmy Davan Barnes has appealed from sentences imposed after entry of pleas of nolo contendere to a new offense, and to a violation of probation. Based on the state’s confession of error, we reverse and remand for resentencing.
In November 1989, Barnes pled nolo con-tendere to the sale of marijuana in Case No. 89-1022; he received 5 years probation. An affidavit of violation of probation was filed in September 1990 alleging the purchase of cocaine; Barnes was charged with that purchase in Case No. 90-2260. In February 1991, he pled nolo contendere in both cases, and his probation in 89-1022 was revoked. Barnes’ sentencing guidelines scoresheet indicated a permitted sentencing range of “community control or 12-30 months incarceration to 2>lk years.” The court sentenced Barnes in 89-1022 to 30 months incarceration plus the remainder of his probation, and in 90-2260 to 2 years community control plus 3 years probation, to run consecutively to the sentence in 89-1022.
Barnes contends that his sentences must be reversed on two grounds: 1) the total of the incareerative portions exceeds the maximum of the permitted range without written reasons, citing Sanders v. State, 560 So.2d 298 (Fla. 1st DCA 1990), and 2) the periods of incarceration and community control are interrupted by probation, citing Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988) and Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989). The state concedes error as to both points, and urges remand for resentencing.
*1266 Based on the state’s concession of error, the sentences herein appealed are reversed, and the case is remanded for resentencing.
JOANOS, C.J., and MINER and WEBSTER, JJ„ concur.