PATTERSON, Judge.
The appellant challenges his judgment and sentence for possession of cocaine and argues that the trial court erred in denying his motion to suppress evidence. We agree and reverse.
The state filed an information charging the appellant with carrying a concealed firearm, possession of cocaine with intent to sell or deliver, and possession of drug paraphernalia. The appellant filed a motion to suppress evidence, and at the hearing on the motion to suppress, the state presented the following testimony.
Deputy Oakman of the Polk County Sheriff’s Office testified that on December 10, 1990, he saw the appellant urinating in the street behind a car. The car, which had a passenger inside, was parked in a driveway and was sticking out onto Orange Park Boulevard. The deputy approached the appellant and asked him to come back to the patrol car. Deputy Oakman testified that from the outset the appellant was not free to leave. The appellant told Deputy Oakman that the car was his. The deputy got the appellant’s identification and did a warrants check. At that point, either Dep *641 uty Oakman or Deputy Fisher, who had just arrived, approached the car and saw the butt of a gun underneath the armrest. The barrel of the gun was facing down toward the backseat, and the clip was facing the driver’s seat. Deputy Oakman admitted that the gun was readily visible when he was standing outside the car with all of the doors closed. He remembered that a street light was nearby, but was not sure whether he was using a flashlight.
After the gun was discovered, the deputies asked the passenger to get out of the car. The deputies seized the gun and ran a check on it. The appellant admitted the gun belonged to him. Deputy Oakman admitted on cross-examination that there were no outstanding warrants on the appellant and he did not appear to be carrying a weapon on his person. Without obtaining consent, the deputies searched the car for an “impound.” Deputy Oakman searched a leather coat which was on the backseat and found cocaine in the pocket. A scale was found underneath the driver’s seat.
In denying the motion to suppress, the court found that the deputy observed a misdemeanor in his presence and, further, that he had the right to walk up and look into the car. The court also found that the discovery of the gun gave probable cause to search the car. The appellant entered a plea of nolo contendere to the lesser-included offense of possession of cocaine and reserved his right to appeal the trial court’s ruling on his dispositive motion to suppress. The state filed a notice of nolle prosequi of counts I and III. The trial court sentenced the appellant within the guidelines.
The trial court should have granted the motion to suppress evidence found inside the appellant’s car because the state failed to meet its burden of proving that the warrantless search came within one of the recognized exceptions to the warrant requirement. See Irons v. State, 498 So.2d 958 (Fla. 2d DCA 1986). The state has not justified the search of the car as a search incident to arrest. The state did not prove that the appellant was a recent occupant of his car at the time the police detained him outside his car. Thus, a Belton[1] search was not justified. See State v. Vanderhorst, 419 So.2d 762 (Fla. 1st DCA 1982) (affirmed trial court’s suppression of evidence and held Belton inapplicable because evidence established defendant was not recent occupant of car when he had not been in it for at least two hours before he was taken into custody).
Also, the deputy’s observation of the handgun does not justify the warrant-less search. The deputy testified that he saw a gun when he looked through the car window. On cross-examination he admitted that the gun was “readily visible.” Thus, the handgun was not concealed and no probable 'cause existed to search the vehicle. See Mitchell v. State, 494 So.2d 498 (Fla. 2d DCA 1986); see also Whiting v. State, 595 So.2d 1070 (Fla. 2d DCA 1992) (“possession of a firearm in a vehicle is not, in and of itself, a crime”).
Because the state failed to establish that the appellant was a recent occupant of the car or that the weapon was concealed, the search was invalid and the evidence must be suppressed. Accordingly, we reverse the appellant’s judgment and sentence. The disposition of this issue renders the second issue regarding the written judgment moot.
Reversed.
PARKER, A.C.J., and ALTENBERND, J., concur.

. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).