JOANOS, Chief Judge.
Appellant Barnes contests a resentencing order placing him on probation for a period of ten years. Appellant contends the probationary term of ten years is illegal, because it exceeds the maximum sentence allowed by statute. The state agrees the cause must be remanded for resentencing, in that the ten-year probationary period exceeds the statutory maximum for appellant’s convicted offense. We reverse and remand for resentencing, and for correction of the judgment form.
On February 7, 1992, appellant’s original sentence was reversed, because the total sentence imposed at sentencing for his 1989 and 1990 convictions exceeded the guidelines, and the periods of incarceration and community control were interrupted by probation. See Barnes v. State, 592 So.2d 1265 (Fla. 1st DCA 1992). At resentencing on March 10, 1992, the trial court and the respective parties expressed different views concerning the offense in the 1990 case. The trial court concluded the offense was purchase of cocaine, a second-degree felony. Consistent with that determination, the trial court imposed sentence of time served in the 1989 case, and a ten-year period of probation in the 1990 case.
*27 The record reflects that appellant’s 1990 conviction was for possession of cocaine, a third-degree felony. See § 893.13(l)(f), Fla.Stat. (1989). A trial court may not impose a probationary period which exceeds the statutory maximum sentence for the underlying offense. State v. Holmes, 360 So.2d 380 (Fla.1978); McGraw v. State, 404 So.2d 817 (Fla. 1st DCA 1981); Davis v. State, 604 So.2d 844 (Fla. 2d DCA 1992); Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991). Since the maximum penalty for a third-degree felony is five years incarceration, see § 775.082(3)(d), Fla.Stat.(1989), the sentencing order placing appellant on probation for ten years must be reversed and remanded for resentencing. Upon remand, the order placing appellant on probation must be corrected to reflect that the convicted offense is a third-degree, rather than a second-degree felony.
Accordingly, this cause is reversed and remanded for resentencing within the statutory maximum for a third-degree felony, and for correction of the probation order to reflect that the offense for which appellant is being sentenced is a third-degree, rather than a second-degree felony.
ZEHMER and BARFIELD, JJ., concur.