372 So.2d 1126 (1979)
STATE of Florida, Appellant,
v.
O.C. "Sonny" KING, Appellee.
Nos. 78-1748, 78-1749.
District Court of Appeal of Florida, Second District.
June 1, 1979.
*1127 Jim Smith, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellant.
Raymond E. LaPorte, Tampa, for appellee.
SCHEB, Judge.
The state appeals the dismissals with prejudice of two informations against appellee King who was charged with a single count of bookmaking in each information. The information in circuit court case no. 77-8902 charged that King engaged in bookmaking between November 23 and December 17, 1977, while the information in case no. 77-8903 charged that he engaged in bookmaking on December 5, 1977. The dismissals were predicated upon the state's failure to timely comply with the court's discovery orders. We reverse because dismissal under the circumstances in these cases was too severe a sanction.
On March 14, 1978, King filed a motion to dismiss the informations, which were consolidated at the trial level, on the ground that they were too vague to inform King of the charges against him. King also filed a demand for discovery seeking to determine whether there had been any electronic surveillance, including wiretapping, of his premises or conversations to which he was a party. He also sought documents relating to any such surveillance. In addition, King filed a motion for a bill of particulars as to circuit court case no. 77-8902, stating the exact date of the charged offense. On March 31 the state filed a bill of particulars stating the date of the offense. On April 3 King filed a motion to compel the immediate production of any documents relating to the various taped telephone conversations disclosed in the state's response to the demands for discovery. On April 5 he filed a motion to compel the immediate production of copies or accurate transcripts of the tapes of the telephone conversations.
A hearing on the motions was held on May 25. At the hearing, defense counsel complained that the date of bookmaking alleged in the information in case no. 77-8902 should be more specific and that the persons from whom King allegedly accepted bets should be named. The trial court agreed and ordered the state to name the persons involved and to "be more precise in the date the bets were placed." The court also ordered the state to amend the information in case no. 77-8903. Defense counsel asked if there was a time limit within which the informations must be amended. In response, the prosecutor asked for "a couple of weeks." Additionally, defense counsel requested a copy of the order authorizing the wiretap involving King and asked that he be permitted to listen to the tape or tapes of the wiretapped conversations. The trial court directed that the state comply with these requests "within the two-week period." Unfortunately, the trial court did not enter a written order on the motions to compel production. The motion to dismiss, however, was stamped "denied."
On September 6 King filed a motion to correct the record to reflect the true disposition of these motions and a supplemental motion to dismiss partially on the grounds that the informations had not been amended as ordered and that the documents sought in the motion to compel production *1128 had not been produced, despite the expiration of the two-week period. A hearing on these motions was held on September 13. The state also sought rehearing on the ruling of May 25 requiring amendment of the information in case no. 77-8902. In seeking a rehearing, the state relied on State v. Barnett, 366 So.2d 411 (Fla. 1978). After considering Barnett, the trial court agreed that the other persons involved need not be named in the information in case no. 77-8902, but reaffirmed its requirement that the date of the offense be specified.
The judge then asked the prosecutor why he had not complied with the court's ruling within two weeks. The prosecutor replied:
I don't believe we were ordered to do so. I believe you suggested two weeks. I believe the court record there suggested two weeks. I believe if the State files it within a reasonable time and it does not prejudice the defendant, then we are within the time limit. The defendant can show no prejudice by this filing or not filing.
After consulting a transcript of the May 25 hearing, the court concluded that the state had been given a two-week limit within which to comply.
The court then questioned the prosecutor as to why King's counsel had not received the order authorizing the wiretap and the wiretap evidence. The prosecutor responded that the order authorizing the wiretap had only recently been made available to him but that he now had a copy available for defense counsel. The tapes were also available, although defense counsel indicated that he had been contacted only within the last few weeks to arrange to hear the tapes. Defense counsel stated that the prosecutor should have informed the court at the earlier hearing of any difficulties anticipated in obtaining the documents. The trial court agreed and dismissed both informations with prejudice for the state's failure to timely amend the information in case no. 77-8902 and for its failure to produce the documents relating to taped conversations in both cases.
While a trial court has the authority to dismiss a cause as a sanction for failure to comply with a court order or for violation of a discovery rule, Fla.R.Crim.P. 3.220(j), State v. Oliver, 322 So.2d 638 (Fla.3d DCA 1975), the dismissal of charges against a defendant is an extreme sanction and one that should be utilized with caution and only when a lesser sanction would not accomplish the desired result. State v. Smith, 342 So.2d 1094 (Fla.2d DCA 1977). Further, before dismissal of an action for the prosecution's violation of a rule of discovery, the court must find that noncompliance with the particular rule resulted in prejudice to the defendant. Collier v. State, 353 So.2d 1219 (Fla.3d DCA 1977). See also Richardson v. State, 246 So.2d 771 (Fla. 1971).
Here there was no suggestion of prejudice to King. He had waived his right to a speedy trial under Fla.R.Crim.P. 3.251 and a trial date had not yet been set. The state had neither failed nor refused to provide the discovery material sought, although it was inexcusably late in making such material available to King. As to failure to amend the information in case no. 77-8903, the trial judge agreed that one of the amendments originally ordered was unnecessary. While requiring specification of the date the offense occurred was appropriate, King had not been prejudiced by the failure to make this amendment, since the date had been specified in a bill of particulars.
A further reason for holding the trial court's action to be an abuse of discretion is that the state's failure to timely comply with the court's oral order was not shown to be willful. This case illustrates that the better practice would have been for the court to enter a written order setting forth precisely what the prosecution was required to do and the time permitted to accomplish it. Due to the lack of a written order and the ambiguity of the discussion concerning the time limit, it was apparently unclear to the prosecutor how much time he had to comply with the court's instructions. Given this apparent confusion, coupled with the lack of any *1129 demonstrable prejudice to King, the trial court's dismissal of the informations was too severe a sanction and constituted an abuse of discretion.
Accordingly, we vacate the order of dismissal in both cases. We remand with directions to reinstate the information in case no. 77-8903 and, if the trial court still feels it is warranted, to reenter a dismissal of case no. 77-8902, with leave to amend as to the specific date.
GRIMES, C.J., and RYDER, J., concur.