411 So.2d 376 (1982)
STATE of Florida, Appellant,
v.
Barry OBERHOLTZER, Appellee.
No. 81-677.
District Court of Appeal of Florida, Fourth District.
March 31, 1982.
*377 Jim Smith, Atty. Gen., Tallahassee, Trela J. White and Stewart J. Bellus, Asst. Attys. Gen., West Palm Beach, for appellant.
Kerry J. Nahoom, Winter Park, for appellee.
DELL, Judge.
Appellee was indicted for the first degree murder of his wife. Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), appellee filed a motion to dismiss the charge against him. To this motion, the State traversed. Fla.R.Crim.P. 3.190(d). The lower court found that the traverse was insufficient to place material facts in controversy and therefore granted appellee's motion. The State contends that the lower court's order was erroneous. We agree and reverse.
The only issue presented for our determination is whether the State's traverse to appellee's motion to dismiss was sufficient to require the lower court's denial of that motion. Florida Rule of Criminal Procedure 3.190(d) provides that such a motion "shall be denied if the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss." We hold that the State's traverse placed material facts in issue.
It is unnecessary to delve into the circumstances of this case in reaching our conclusion. Once the State files a traverse as required by the aforementioned rule, a trial court has no alternative but to deny a motion to dismiss. The State is under no obligation to present additional facts consistent with guilt. Its only burden is to specifically deny the material facts as set forth in the motion to dismiss. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977).
We hold that the depiction of events prior to the crime in question, as contained in the State's traverse, as well as its denial of appellee's exculpating account of those events, was sufficient to withstand the motion to dismiss. See, State v. Wright, 386 So.2d 583 (Fla. 4th DCA 1980). The State's traverse contains abundant allegations which, if believed by a jury, are consistent with appellee's guilt. Whether such proof will be sufficient to convict is not an issue properly resolved at this time.
REVERSED.
BERANEK and HERSEY, JJ., concur.