GRIMES, Acting Chief Judge.
The Hillsborough County state attorney charged appellee with several offenses involving cannabis and with carrying a concealed firearm. Following the denial of a motion to dismiss, appellee pled nolo con-tendere to the charge of trafficking and guilty to the charge of delivery. The state nolle pressed the balance of the charges. Thereafter, the appellee moved to reconsider his motion to dismiss. Following another hearing, the court permitted the appellee to withdraw his pleas and dismissed the information against him.
The basis for the motion to dismiss was alleged misconduct on the part of the police. With the knowledge of the state attorney’s office, arrangements were made for appel-lee to furnish information to Pasco County *754 deputies in exchange for the possibility of more lenient treatment on the Hillsborough County charges. Essentially, appellee contended that the Pasco County deputies told him that he ought to change attorneys and that he should not tell his attorney of the substance of their conversations. The Pas-co County deputies insisted that it was ap-pellee, rather than themselves, who did not want to divulge the conversations to his attorney. However, since the court granted the motion to dismiss, for purposes of this appeal we shall assume the truth of appel-lee’s assertions. The issue before us is whether the dismissal of the information was too drastic a sanction.
The trial judge relied heavily upon United States v. Morrison, 602 F.2d 529 (3d Cir. 1979), in which the court held that law enforcement’s wilful and unjustified interference with the defendant’s sixth amendment right to counsel mandated the dismissal of an indictment without regard to a showing of prejudice. This case has now been reversed by the United States Supreme Court. United States v. Morrison, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). In a unanimous decision, the court held that absent demonstrable prejudice or a substantial threat thereof, the dismissal of an indictment is inappropriate even though there has been a deliberate sixth amendment violation.
In the instant case, the appellee failed to demonstrate the kind of prejudice which would warrant the abatement of prosecution against him. Since appellee’s attorney continued to represent him in the trial court and ultimately obtained a dismissal of the charges, the deputies obviously failed in their efforts to poison the relationship between appellee and his attorney. Certainly, appellee is in no position to complain that he may have implicated other persons. In short, nothing the deputies may have done has vitiated his ability to defend against the state’s charges.
We do not suggest that the court is without recourse to protect the appellee. Since there may be some doubt that appel-lee advisedly entered his pleas, the court has properly allowed him to withdraw them. If during the course of their conversations with appellee the deputies improperly obtained information which might tend to incriminate him, the court can suppress this evidence so as to prevent it from being used against him. The point is that the sanction should be designed to make appel-lee whole, not to provide him with a windfall.
The order dismissing the information is reversed, and the case is remanded for further proceedings.
SCHEB and DANAHY, JJ., concur.