438 So.2d 538 (1983)
STATE of Florida, Appellant,
v.
Terry Lee BURNISON, Appellee.
No. 83-98.
District Court of Appeal of Florida, Second District.
September 30, 1983.
Jim Smith, Atty. Gen., Tallahassee and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellant.
David J. Kurland, Clearwater, for appellee.
RYDER, Judge.
The state challenges the trial court's order granting appellee's motion to dismiss one count of an information after the state failed to timely file its traverse. We reverse because the dismissal was too severe a sanction in this case.
Terry Lee Burnison was charged with possession of a short-barreled shotgun, contrary to section 790.221, Florida Statutes (1981), and possession of drug paraphernalia, contrary to section 893.147, Florida Statutes (1981). On November 3, 1982, Burnison filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), alleging that the measurements of the shotgun and the barrel did not violate the statutory minimums of section 790.001(10), Florida Statutes (1981).
The hearing on the motion was held on December 27, 1982. Immediately before the commencement of the hearing, an assistant state attorney hand delivered the state's traverse to the defense counsel. The traverse had been duly sworn to and it denied the material allegations regarding the length of the weapon. The defense attorney objected to the filing of the traverse at that point as untimely. He argued that Burnison's motion to dismiss had been filed almost two months previously and that no extenuating circumstances had occurred to excuse the tardiness of the state's filing. He contended that to walk into a hearing and be handed a traverse was "inappropriate and certainly not reasonable within the meaning of Rule 3.190(d)."
After each attorney presented his position, the trial judge ruled that the state's filing had been untimely. Carefully reciting *539 into the record his reasoning, the capable trial judge explained:
[I] also want to clear up the record as to the Motion to Dismiss. The Rule says, and I want to go back to that Rule one more time regarding the demers [sic] and traverses. It's Rule 3.190 and it is sub-section (c)(4) and continues on down to sub-section (d), last sentence thereof, `Such demer [sic] or traverse shall be filed a reasonable time before, before the hearing on the Motion to Dismiss.' And I want this clear that could mean under reasonable circumstances one minute before the hearing started or several days before the day of the hearing. But I want this clear in the record that this Court's ruling that a motion is filed the 3rd of November and a demer [sic] that is handed to the defense lawyer at the same time within minutes or before the motion calendar is to be called is not reasonable under the circumstances either as to the day or as to the time span on the calendar or clock.
The trial judge filed an order on January 13, 1983 granting Burnison's motion to dismiss count one relating to the shotgun.
On appeal we must determine what constitutes a "reasonable time" within the context of Florida Rule of Criminal Procedure 3.190(d). The rule provides in pertinent part:
(d) Traverse or Demurrer. The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in the motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under (c)(4) of this rule shall be denied if the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss. (Emphasis added).
This language supports a flexible definition of "reasonable time." As explained in the Author's Comment following the rule, the state must "take timely action to negate or dispute the motion to dismiss, or else the allegations of the defendant shall be admitted as true." Florida Rule of Criminal Procedure 3.060, Time For Service of Motions and Notice of Hearing, also uses the phrase "reasonable time." There, the Author's Comment notes that, "Because of the discretionary power of the trial court and the interpretations possible in construing a `reasonable time,' judgment and common sense should control the application of the rule." From this we conclude that a trial court must examine the circumstances of each case and make a rational decision as to the timeliness of the filing of a traverse.
In the instant case, we commend the explicit reasoning set out by the able trial judge as the basis for his ruling. We further recognize and are fully aware of the difficulties a trial court encounters in attempting to control its docket. We are quite sympathetic with most efforts to enforce compliance with the rules. On the other hand, the state's performance herein was poor practice. Delaying the filing of its traverse until the final moments prior to the hearing is most frustrating. Yet, because of the nature of the sanction imposed in this circumstance, we are compelled to reverse.
We have previously addressed the granting of a motion to dismiss as a sanction. In State v. King, 372 So.2d 1126 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980), we reversed the trial court's dismissal of prosecution as an abuse of discretion after the state failed to comply with an oral order. We found that the state's action had not been willful and the defendant demonstrated no prejudice to his cause. In evaluating the sanction we stated:
While a trial court has the authority to dismiss a cause as a sanction for failure to comply with a court order or for violation of a discovery rule, Fla.R.Crim.P. 3.220(j), State v. Oliver, 322 So.2d 638 (Fla. 3d DCA 1975), the dismissal of *540 charges against a defendant is an extreme sanction and one that should be utilized with caution and only when a lesser sanction would not accomplish the desired result. State v. Smith, 342 So.2d 1094 (Fla. 2d DCA 1977).
Accord, State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980). In State v. Spillane, 419 So.2d 753 (Fla. 2d DCA 1982), where an order dismissing an information was granted following alleged misconduct by certain deputies, we reversed the dismissal as too drastic a sanction, absent demonstrable prejudice to the defendant. In State v. Banks, 418 So.2d 1059 (Fla. 2d DCA), cert. denied, 424 So.2d 760 (Fla. 1982), after reversing a dismissal for a discovery violation, we pointed out that the trial court should have been aware of the availability of a continuance as a viable alternative to remedy any disadvantage to defendant's preparation.
Although a continuance was not suggested in the case sub judice, the trial court could have ordered one as a viable alternative. More importantly, however, appellee did not allege undue prejudice to his cause because of the state's tardy filing, nor was prejudice to the appellee reflected in the record. He simply argued that the state's action had been inappropriate and not reasonable. Although we do not condone the state's practice, its actions, viewed from the record before this court, did not rise to a willful or substantial violation of the rule. Hence, the order dismissing the charge relating to the shotgun was too severe a sanction in this instance.
Accordingly, the final order dismissing count one against appellee Burnison is REVERSED and the cause is REMANDED for further proceedings.
GRIMES, A.C.J., and HANLON, MORTON J., Associate Judge, concur.