PER CURIAM.
The state appeals from an order dismissing an information which charged Wayne Ballew with carrying a concealed firearm contrary to Section 790.01(2), Florida Statutes (1981). Appellee filed a sworn motion to dismiss alleging that the arresting officer saw the gun in plain view. The state filed a traverse specifically denying the allegation that the gun was in plain view and further alleging that the arresting officer saw the handle of a gun protruding under a T-shirt which covered appellee’s right hand.
The supreme court in Ensor v. State, 403 So.2d 349 (Fla.1981), addressed the question of what constitutes a concealed weapon as defined in Section 790.001(2), Florida Statutes (1977). The court characterized the district court opinions as conflicting and irreconcilable. The court stated at 355:
The critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm. The ultimate decision must rest upon the trier of fact under the circumstances of each ease.
... It should be emphasized that the permissible and legal observations of a police officer in making an arrest and the observation of an average person making normal contact with an individual are clearly not the same. We hold that appellant’s prosecution for possession of a concealed firearm was permissible and that the firearm was wrongfully suppressed. The jury should determine whether this weapon was concealed under these facts.
Applying the test set forth in Ensor v. State to the facts of this case we conclude that the state’s traverse contained sufficient allegations to require the trial court to deny appellee’s motion to dismiss. See State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA 1982), pet. for rev. den., 419 So.2d 1199 (Fla.1982).
Therefore, we reverse the trial court’s order granting appellee’s motion to dismiss and remand this cause with directions to reinstate the information and for trial on the merits.
REVERSED AND REMANDED with directions.
ANSTEAD, C.J., and DOWNEY and DELL, JJ., concur.