DELL, Judge.
The State appeals from an order granting appellee’s sworn motion to dismiss.
The state attorney’s office filed an information charging appellee and Anthony Charles Shust with burglary of a conveyance. Appellee subsequently filed a sworn motion to dismiss on the grounds that no dispute existed as to the material facts and that the undisputed facts did not establish *1107 a prima facie case. The State filed its traverse in which it specifically denied ap-pellee’s allegations and alleged that
[t]he State is prepared to establish that the Defendant did aid and abet the burglary of the subject motor vehicle by evidence showing that he acted as a lookout for Shust, the co-defendant, who physically committed the crime ....
The court deferred ruling on the State’s traverse and stated that it wanted to see if the State had “a shred of evidence.” The judge later granted appellee’s motion to dismiss after holding as follows:
[T]he Court has delved into the validity and the good faith of the traverse, and based upon Mr. Dupree’s further investigation, it seems as though the traverse is really presented not in the best faith, and there is really no genuine issue for the Court to consider in the case.
The State contends that because it denied the facts set out in appellee’s motion to dismiss with specificity, the trial court should have denied the motion. We agree and reverse.
Florida Rule of Criminal Procedure 3.190(d) provides that a motion to dismiss “shall be denied if the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss.” The traverse filed by the State denied with particularity the allegations of the motion to dismiss, thus putting material facts in issue. We do not find the trial judge’s comments that the affidavit was not filed “in the best faith” sufficient to bring the traverse within the language of Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 175 (Fla.1977), wherein the court stated “any denial by the State must be in good faith, and not be based upon speculation, conjecture, presumption nor assumption.”
The State met the requirements of Florida Rule of Criminal Procedure 3.190(d) and the trial court should have denied appel-lee’s motion to dismiss. See State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA 1982), petition for review denied, 419 So.2d 1199 (Fla.1982).
Accordingly, we reverse the trial court’s order of dismissal and remand this cause for further proceedings.
REVERSED and REMANDED.
BERANEK and WALDEN, JJ., concur.