513 So.2d 753 (1987)
STATE of Florida, Appellant,
v.
Willie L. RYAN, Appellee.
No. 4-86-2470.
District Court of Appeal of Florida, Fourth District.
October 7, 1987.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, Gary Caldwell, Asst. Public Defender, and Carol Heller, Legal Intern, West Palm Beach, for appellee.
PER CURIAM.
On August 14, 1986, appellee, Willie L. Ryan, was charged by information with delivery of cocaine. On September 24, 1986, appellee filed a sworn motion to dismiss. The motion was heard one week later on October 1, 1986. At the hearing the prosecutor indicated that he never received a copy of the motion and did not learn of the motion until 4:00 P.M. the prior day. The certificate of service on the motion indicated a copy of the motion was hand delivered to the prosecutor on September 24, 1986, although the public defender stated that she mailed it on that date.
The prosecutor asked the trial court for time to traverse the motion and stated that he was willing to orally traverse, but believed case law required that the defendant be present. Appellee's attorney then offered to waive the defendant's presence, however, the trial court immediately granted the motion to dismiss. We reverse.
While the exact time frame involved is unclear, the prosecutor, at best, had five working days to file a traverse. The public defender indicated that the motion to dismiss was mailed, not hand delivered, which would have given appellant even less time to prepare a traverse. In State v. Burnison, 438 So.2d 538 (Fla. 2d DCA 1983), a hearing was held on the defendant's motion to dismiss approximately two months after the defendant had filed his motion. Immediately before the commencement of the hearing the assistant state attorney hand delivered a traverse to defense counsel. The trial court found that the traverse had not been filed a reasonable time before the hearing as required by Florida Rule of Criminal Procedure 3.190(d), and granted *754 the motion to dismiss. In reversing the district court stated:
We have previously addressed the granting of a motion to dismiss as a sanction. In State v. King, 372 So.2d 1126 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980), we reversed the trial court's dismissal of prosecution as an abuse of discretion after the state failed to comply with an oral order. We found that the state's action had not been willful and the defendant demonstrated no prejudice to his cause. In evaluating the sanction we stated:
While a trial court has the authority to dismiss a cause as a sanction for failure to comply with a court order or for violation of a discovery rule, Fla.R. Crim.P. 3.220(j), State v. Oliver, 322 So.2d 638 (Fla. 3d DCA 1975), the dismissal of charges against a defendant is an extreme sanction and one that should be utilized with caution and only when a lesser sanction would not accomplish the desired result. State v. Smith, 342 So.2d 1094 (Fla. 2d DCA 1977).

Accord, State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980). In State v. Spillane, 419 So.2d 753 (Fla. 2d DCA 1982), where an order dismissing an information was granted following alleged misconduct by certain deputies, we reversed the dismissal as too drastic a sanction, absent demonstrable prejudice to the defendant. In State v. Banks, 418 So.2d 1059 (Fla. 2d DCA), cert. denied, 424 So.2d 760 (Fla. 1982), after reversing a dismissal for a discovery violation, we pointed out that the trial court should have been aware of the availability of a continuance as a viable alternative to remedy any disadvantage to defendant's preparation.
Id. at 539-40.
See also State v. Higgins, 437 So.2d 180 (Fla. 4th DCA 1983).
Given the facts of the present case, we hold the trial court's action was too severe. At the hearing appellee did not indicate he would suffer any prejudice if a continuance were granted. In fact, he offered to accommodate appellant's request for an oral traverse. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
ANSTEAD, DELL and GUNTHER, JJ., concur.