PARKER, Judge.
The state appeals the trial court’s order dismissing its case against appellee Thomas with prejudice.
The sole issue on appeal is whether the trial court erred in ordering the dismissal with prejudice to the state. We find that the dismissal was error and reverse.
*1092 Sworn affidavits executed on December 24, 1986, and January 20 and 21, 1987, alleged that Thomas committed false imprisonment, battery, two counts of aggravated battery, burglary and criminal mischief. A preliminary hearing, scheduled for February 24, 1987, did not take place when the state failed to produce any witnesses. The trial judge entered a finding of no probable cause, and Thomas was released.
The Thomas cases were then scheduled for arraignment on March 2, 1987. At the time of arraignment, the state had not filed informations in any of the cases, and requested a one-week continuance, representing to the trial court that the victim could not be located.
The cases were once again set for arraignment on March 9,1987. The assistant state attorney assigned to the cases was not present, and another assistant state attorney moved for a continuance, again citing as the reason the state’s inability to locate the victim.
The trial judge dismissed the cases with prejudice and entered an order, noting that the assigned assistant state attorney had not supplied additional information to the court, that no additional reasons had been advanced, and that the reasons offered were insufficient for granting a continuance. In that order, the trial judge commented further on the “rather cavalier attitude” of the assigned state attorney and the requirement that a trial court exercise its power to control its own docket, in order to comply with the supreme court’s mandate that the trial court take charge of all cases at an early stage and control the case’s progress under rule 2.085, Florida Rules of Judicial Administration. The trial judge also cited an administrative rule of his circuit directing that after an arrest, the arraignment date is automatically scheduled for the first Monday which occurs thirty (30) days following the arrest.
The dismissal of charges against a criminal defendant is an extreme sanction which should only be utilized in the most extraordinary circumstances, particularly here, where the dismissal was with prejudice. See State v. King, 372 So.2d 1126 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 758 (Fla.1980); State v. Ryan, 513 So.2d 753 (Fla. 4th DCA 1987).
Under circumstances similar to those present here, where the state has requested a second continuance for the reason that a witness is unavailable, the court in State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982), disapproved the trial court’s dismissal for lack of prosecution as precipitous. Evans involved the state’s third motion for continuance, sought on the date of trial after the defense had announced that it was ready to proceed. Here, Thomas has failed to demonstrate any prejudice from the granting of a second continuance. Thomas was released from jail at a preliminary probable cause hearing and no apparent prejudice appears in the record. Therefore, the entry of a dismissal order is too severe a measure to enforce compliance by the state. King; Ryan.
The dismissal order is reversed, and this matter is remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and RYDER, J., concur.