526 So.2d 191 (1988)
The STATE of Florida, Appellant,
v.
Steve SAWYER, Appellee.
No. 87-1409.
District Court of Appeal of Florida, Third District.
June 7, 1988.
Robert A. Butterworth, Atty. Gen. and Debora J. Turner and Susan Hugentugler, Asst. Attys. Gen., for appellant.
Harvey S. Swickle, North Miami Beach, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Where a defendant's sworn motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is met with a traverse by the State which specifically denies under oath the material facts alleged, *192 the motion to dismiss must automatically be denied. Fla.R.Crim.P. 3.190(d); State v. J.T.S., 373 So.2d 418 (Fla.2d DCA 1979), disapproved on other grounds, D.K.D. v. State, 470 So.2d 1387 (Fla. 1985). Even if the traverse was not filed at a "reasonable time before the hearing on the motion to dismiss," Fla.R.Crim.P. 3.190(d), dismissal is too harsh a sanction under the factual circumstances. See State v. Ryan, 513 So.2d 753 (Fla. 4th DCA 1987); State v. Burnison, 438 So.2d 538 (Fla.2d DCA 1983).
We need not decide whether the sworn motion to dismiss is sufficient under State v. Rodriquez, 523 So.2d 1141 (Fla. 1988) (jurat in which defendant swears to his statements being to the "best of his knowledge" not sufficient for motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4)).
Reversed and remanded for further proceedings.