566 So.2d 521 (1990)
The STATE of Florida, Appellant,
v.
Radhames RODRIGUEZ, Appellee.
No. 88-2429.
District Court of Appeal of Florida, Third District.
May 8, 1990.
*522 Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellant.
Radhames Rodriguez, in pro per.
Before BASKIN, FERGUSON and LEVY, JJ.
PER CURIAM.
The State of Florida appeals the trial court's dismissal for lack of prosecution of the charges against defendant Rodriguez. We reverse.
Defendant pled not guilty to the charge of possession of cocaine. His first trial resulted in a hung jury and the trial court declared a mistrial. The trial court retained the exhibits. When the case was called for trial, the defense requested a continuance. Although the state objected, on the ground that its chemist had flown in for the trial and postponement would create a hardship, the trial court granted the continuance. The next time the trial court called the case for trial, the state announced that it was ready but asked to have the cocaine released so that its new chemist could analyze it. Defense counsel moved to dismiss for lack of prosecution and the trial court dismissed the case. The state appeals.
The state properly asserts that dismissal of charges for lack of prosecution is too severe a sanction to impose in this case. Dismissal of charges against a defendant is an extreme sanction to be used only in extraordinary circumstances. State v. Pautier, 548 So.2d 709 (Fla.3d DCA 1989); State v. Saldarriaga, 486 So.2d 683 (Fla.3d DCA 1986); State v. Thomas, 519 So.2d 1091 (Fla.2d DCA 1988); State v. King, 372 So.2d 1126 (Fla.2d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980); see also State v. Alvarez, 258 So.2d 24 (Fla.3d DCA 1972) (dismissal for lack of prosecution must be substantiated by the record). Here, there is no showing that defendant would have been prejudiced by a short continuance attributable to the state; a prior continuance of greater length was occasioned by defense counsel. King. Accordingly, we reverse the dismissal and remand for further proceedings.
Reversed and remanded.