575 So.2d 760 (1991)
STATE of Florida, Appellant,
v.
Derrick A. GALE, Appellee.
No. 90-1521.
District Court of Appeal of Florida, Fourth District.
March 6, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellant.
No brief filed for appellee.
PER CURIAM.
The state filed an information charging that appellee "did ... unlawfully, and knowingly, carry on or about his person a concealed firearm." On the theory that the firearm was not "concealed" appellee filed a motion to dismiss, pursuant to rule 3.190(c), Florida Rules of Criminal Procedure. The state filed a traverse; the trial court found the traverse insufficient and granted the motion to dismiss.
*761 The issue on appeal is the sufficiency of the traverse.
On a pretrial motion to dismiss, "it is only necessary that the facts alleged by the state, viewing all inferences in favor of the state, constitute a prima facie case." State v. Bailey, 508 So.2d 1268, 1269 (Fla. 4th DCA), rev. denied, 518 So.2d 1273 (Fla. 1987). To traverse, the state is under no obligation to present additional facts consistent with guilt, but it must specifically deny the material facts as set forth in the motion to dismiss. State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA), rev. denied, 419 So.2d 1199 (Fla. 1982). Consistent with Oberholtzer, the state did not need to allege any new facts, but merely had to deny specifically the allegations of the motion and ensure that the facts it alleged constituted a prima facie case. The motion to dismiss did not allege any facts other than that the firearm was not concealed, and was not concealed as contemplated by section 790.01(2).
Point one of the traverse stated that the state specifically denied that the firearm was not concealed. Concealment is an ultimate fact, as it is an element of the crime. See § 790.01(2), Fla. Stat. (1989). The traverse alleged the further fact that the gun "was located on or near the floorboard of his motor vehicle, in close proximity to the area located below the driver's seat." This was a sufficient traverse.
We also conclude that point two of the traverse created an issue of material fact as to whether the gun was concealed as contemplated by the statute. The term "concealed" must be given its usual and ordinary meaning. State v. Teague, 475 So.2d 213 (Fla. 1985). Ensor v. State, 403 So.2d 349 (Fla. 1981), is the seminal case interpreting the statute, and the traverse quoted language from Ensor at 354, which sufficiently created an issue of material fact: whether the gun, located on the floorboard of the vehicle, was hidden from the "ordinary sight of another person."
The "ordinary sight of another person" is defined to mean "the ordinary and casual observation of another in the normal associations of life." Ensor, 403 So.2d at 354. Construing this in a light most favorable to the state, the facts alleged in the traverse together with the state's citation of Ensor, were sufficient to avoid the motion to dismiss.
REVERSED.
HERSEY, C.J., LETTS, J., and WALDEN, JAMES H. (Retired), Associate Judge, concur.