PER CURIAM.
The state appeals from an order granting a sworn motion to dismiss filed pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure.
Appellee, Pizzagalli, was arrested and charged with delivery of marijuana. He *651 filed a motion to dismiss. He did not notice the motion for hearing. The state did not file a traverse. Approximately seven weeks after the motion was filed the case came on for trial. A jury was picked and sworn. During a break, appellee’s counsel pointed out to the trial court that the motion to dismiss remained pending and should be disposed of. The state sought to make an oral traverse. This proffer was denied and the motion to dismiss was granted for failure of the state to timely traverse. This was error and we reverse.
Rule 3.190(d), Florida Rules of Criminal Procedure, provides in pertinent part:
The State may traverse or demur to a motion to dismiss which alleges factual matters. * * * Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
Implicit in this language is the necessity that the state receive notice of the date and time of hearing in order to file its traverse “a reasonable time before” such date and time. The state was negligent in failing to file its traverse. However, appellee suffered no prejudice and therefore dismissal is too harsh a sanction, particularly where no notice of hearing was given. See State v. Ryan, 513 So.2d 753 (Fla. 4th DCA 1987); State v. Burnison, 438 So.2d 538 (Fla. 2d DCA 1983). Accord State v. Sawyer, 526 So.2d 191 (Fla. 3d DCA 1988). See also State v. Yarborough, 571 So.2d 17 (Fla. 2d DCA 1990); State v. Higgins, 437 So.2d 180 (Fla. 4th DCA), rev. dismissed, 450 So.2d 486 (Fla.1984).
We reverse and remand with directions to permit the state to file a traverse with hearing on the motion to dismiss to follow and thereafter, if appropriate, for trial on the merits.
REVERSED AND REMANDED WITH DIRECTIONS.
HERSEY, C.J., and DOWNEY and DELL, JJ., concur.