POLEN, Judge.
Appellant was charged with burglary, robbery, and resisting an officer without violence. He pled guilty to the burglary and resisting an officer charges, and no contest to the robbery charge, expressly reserving the right to appeal the trial court’s denial of his motion to dismiss that charge. We affirm appellant’s judgment, but remand for correction of a sentencing error.
In his motion to dismiss, appellant argued that the elements of robbery were not present because in the course of the taking he did not use “force, violence, assault or putting in fear.” Section 812.13(1), Fla. Stat. (1989). The state filed a traverse to appellant’s motion, specifically denying appellant’s allegations and further alleging that during the course of the taking appellant placed both the victim and her brother in fear for their lives, by entering their home in the early morning hours, referring to the victim as a “bitch” and other vulgarities, and using a cloth to conceal his identity.
The trial court properly denied appellant’s motion to dismiss. Florida Rule of Criminal Procedure 3.190(d) mandates such denial when “the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss.” Therefore we affirm appellant’s judgment as to count II, as well as his sentence as to count I and II only.
However, we note a discrepancy between the oral pronouncement of sentence and the written sentence form as to count III. Therefore, we reverse appellant’s sentence as to count III only, and remand so that the written sentence may be corrected to conform to the oral pronouncement of sentence. Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987); Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DELL and GUNTHER, JJ., concur.