GERSTEN, Judge.
Appellant, State of Florida, appeals the dismissal of an information charging appel-lee, David Harrell, with carrying a concealed firearm. We reverse.
In his deposition, the arresting officer stated that after he stopped appellee’s car he shined his flashlight into the passenger area. He observed the butt of a firearm in an unzipped case located in the partially open glove compartment. The officer stated:
Well, say I’m driving, the glove compartment is right here, the butt was here and all [appellee] had to do was reach over and he would have had the gun out. He did not have to unzip any further nor did he have to open the glove compartment any further and it was readily accessible to him right there.
Based upon the arresting officer’s deposition, appellee filed a 3.190(c)(4) Fla. R.Crim.P. motion to dismiss the information alleging that the facts did not establish that the gun was concealed. The State, citing Ensor v. State, 403 So.2d 349 (Fla. 1981), filed a traverse denying that the gun was “visible to the casual and ordinary observations of a person in the normal associations of life”. The trial court, however, granted the motion and dismissed the information.
Appellant asserts that the trial court erred in granting the motion to dismiss because appellant filed a traverse denying the material facts alleged in the motion. Additionally, appellant argues that whether or not the firearm was concealed, for the purposes of Section 790.01(2), Florida Statutes, was a question of fact.
Appellee contends that the firearm was protruding so far out of the unzipped bag, that any individual standing beside the automobile, by ordinary observation, would know the object was a firearm. Thus, ap-pellee argues, the firearm was not concealed.
In State v. Sawyer, 526 So.2d 191 (Fla. 3d DCA 1988) this court held:
Where a defendant’s sworn motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is met with a traverse by the State which specifically denies under oath the material facts alleged, the motion to dismiss must automatically be denied. [Citations omitted].
See also Fla.R.Crim.P. 3.190(d). Here, the State’s forthright traverse denied that the firearm was visible to the ordinary person. Furthermore, absolute invisibility is not a necessary element to finding that a defendant was carrying a concealed weapon. Ensor v. State, 403 So.2d at 349. We find that the officer’s deposition, along with appellant’s traverse, created an issue of fact. Accordingly, we reverse and remand.
LEVY, J., concurs.