FERGUSON, Judge
(dissenting).
Officer Palumbo looked through the window of the defendant’s automobile and observed what he immediately recognized to be a firearm protruding from a case inside the opened glove compartment. He further described the positioning of the revolver, as quoted in the majority opinion, and never intimated that the weapon was shielded from casual observance, or that it was not immediately recognizable as a firearm.
Ensor v. State, 403 So.2d 349 (Fla.1981), is not controlling. In Ensor, the officer was not able to see the weapon without squatting and looking under a floormat through the opened passenger door. It *56 was held that the weapon was concealed because it was not within “the ordinary sight of another person,” meaning that it was not subject to “a casual and ordinary observation of another in the normal associations of life.” Id. at 354. Based on the officer’s testimony in this case, the trial judge correctly concluded that Ensor was not applicable and that the undisputed facts did not establish a prima facie case.
The State’s traverse to the sworn motion did not allege additional material facts. It simply alleged, in conclusive form, that on the facts presented the weapon was concealed. Compare State v. Gale, 575 So.2d 760 (Fla. 4th DCA 1991) (sworn motion to dismiss properly denied where motion did not allege any facts other than ultimate fact that the firearm was not concealed, and State’s traverse denied that the firearm was not concealed and further alleged the fact that the gun was located on or near the floorboard of the car).
A sworn motion to dismiss, alleging facts in the record which justify a dismissal, is not defeated with the filing of a document styled a “traverse” which does not dispute the facts set forth in the motion or allege additional issue-creating facts. See Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA) (if State wishes to avoid effect of defendant’s motion to dismiss on ground that undisputed material issues of fact fail to establish a prima facie case, its traverse must place a material issue of fact in dispute or establish that undisputed facts do establish a prima facie case), cert. denied, 352 So.2d 175 (Fla.1977).
Under Florida law practically any person, except a convicted felon, is permitted to carry a firearm so long as the weapon is not concealed. As a reviewing court we should not be quick to register our distaste for the practice of carrying firearms by reversing decisions of trial courts which have determined, on undisputed facts, that a citizen is in substantial compliance with the law.
The trial court was eminently correct.