PER CURIAM.
We reverse the order of the trial court granting appellee’s motion to dismiss pending criminal charges, filed under Florida Rule of Criminal Procedure 3.190(c)(4). Ap-pellee, an attorney, was charged with violations of sections 817.234(8), (9), and 877.02(1) and (3), Florida Statutes (1991). These statutes provide for criminal penalties for solicitation of business for the purpose of filing “motor vehicle tort claims or claims for personal injury protection benefits.”
The state had filed a three count information charging appellee with violations of the above statutes for his alleged attempt to solicit legal representation of one Phillip Mortilla while Mr. Mortilla was a patient in a hospital. Appellee filed a sworn motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). He alleged that the facts alleged by the state in the information, taken as true, did not constitute a crime, and that the statutory provisions under which he was charged were unconstitutional. Thereafter, the state filed a traverse, as provided in Florida Rule of Criminal Procedure 3.190(d).
After hearing, the trial court granted ap-pellee’s motion, finding that each of the counts failed to allege a crime. The court rejected appellee’s challenge as to the constitutionality of the statutes, and this is not raised as an issue on dppeal.
The trial court erred in granting appellee’s motion, both procedurally and substantively. First, upon the state filing a sworn traverse pursuant to Florida Rule of *836 Criminal Procedure 3.190(d), the rule provides that the trial court shall deny such a motion to dismiss. Secondly, the trial court erred in determining that the facts alleged in the state’s information, if taken as true, failed to make out a prima facie case that appellee had committed a crime.
Accordingly, we reverse the order granting appellee’s motion to dismiss, and remand for further proceedings.
GUNTHER, POLEN and KLEIN, JJ., concur.