PER CURIAM.
The State appeals an order of dismissal of a criminal prosecution. We reverse.
The State provided the defense with an address for the victim so that she could be subpoenaed for a deposition. The address turned out to be faulty. There had been previous difficulty locating the victim.
The trial court requested that the parties cooperate in obtaining the victim’s attendance at deposition. The State indicated that the victim coordinator had been able to reach the victim. The State agreed to arrange for the attendance of the victim at deposition, but there was a misunderstanding as to the date. Accordingly, defense counsel appeared in order to take the deposition on one day, when the victim had been told not to be present until the next day. The State attempted to arrange an alternative date but the trial court dismissed the case.
This court has said:
Where the failure of the State to produce a witness or evidence in compliance with an order of the court is based on negligence rather than willful noncompliance, and where the facts do not even in the slightest support a conclusion that the defendant’s constitutional rights have been violated, dismissal of the charges and discharge of the defendant is not an appropriate sanction.
State v. Saldarriaga, 486 So.2d 683 (Fla. 3d DCA 1986); cf. State v. Roig, 305 So.2d 836, 837 (Fla. 3d DCA 1974) (‘We hold that it is not the responsibility of the state to produce state witnesses subpoenaed by the defendant for discovery purposes. Therefore, the court erred in excluding the witnesses’ testimony and dismissing the cause as a result thereof.”). “Dismissal of charges against a defendant is an extreme sanction to be used only in extraordinary circumstances.” State v. Rodriguez, 566 So.2d 521, 522 (Fla. 3d DCA 1990) (citations omitted). Defendant’s attempt to justify the dismissal as a dismissal for lack of prosecution is plainly without merit.
Reversed and remanded.