STONE, Judge.
We reverse an order of dismissal based on a sworn motion to dismiss filed under Florida Rule of Criminal Procedure 3.190(e)(4). The motion alleged that the facts were undisputed and could not establish a prima facie ease of trafficking in cocaine.
The motion alleged that the defendant was a passenger in a vehicle driven to a prearranged drug transaction and that he remained in the car while the driver exited and negotiated the deal with an undercover officer. This is undisputed.
The state filed a three page traverse generally admitting or denying each of the factual allegations set out in the ten paragraph motion. The state denied and placed in issue the defendant’s claim that he spoke only Spanish and his claim that when the driver spoke to him in Spanish from outside the vehicle he retrieved a bag from under the driver’s seat and displayed it without more.
At the hearing, the assistant state attorney tried to explain why the traverse did not go further and attempted to recite in more detail the facts to be introduced supporting the state’s case:
MS. SMITH: Basically the reason I demurred it is because what has been laid out for you are the most barest facts as they can help Defendant Rodriguez. This is filled with omissions.
Specifically, as far as my denials are concerned in paragraph “H,” what I’m denying is that — The Defendant does speak English. He does understand English. There will be testimony that he heard the Defendant speak English, several of the officers, at the time of the incident as well as today.
Additionally, you will hear there’s a denial of subsection “I.” And this goes to what I’m talking about omissions. It says there the Defendant Rodriguez lifted up a bag that he retrieved from underneath the Co-Defendant’s driver’s seat. Well, that is not true.
The Defendant Rojas had given it to Rodriguez and Rodriguez had pushed it up somewhere from the floor. It says here that he lifted it in the air and placed it back on the seat. Okay. In its simplest form, maybe that’s true. But the facts are that he picked up the bag, took out a crack rock, showed it to the officer.
THE COURT: Who did this?
MS. SMITH: Rodriguez. Held up the bag so he can see it and then placed it down. So my point is is that the barest, barest facts that are here, I have to admit them. I can’t deny that. But there are omissions. And that’s why this is a case that has to go to the jury. Not all the facts are presented here.
In the face of the claim that the state had simply made a “blanket” denial, the state disagreed, but also requested leave to orally *208 amend, to refile a written amended traverse or to present testimony.
First, it was error not to allow the state to amend and clarify its traverse as outlined to the court. Dismissal is too harsh a sanction where the state in good faith files a traverse, places in issue the defendant’s interpretation of the facts, and asserts that there are additional material facts that were omitted from the motion. See State v. Pizzagalli, 581 So.2d 650 (Fla. 4th DCA 1991); State v. Kagan, 529 So.2d 356 (Fla. 4th DCA), rev. denied, 587 So.2d 569 (Fla.1988). Although admittedly not “fleshed out,” the state’s traverse did sufficiently place the material facts in issue. See State v. Weinstein, 623 So.2d 835 (Fla. 4th DCA 1993); State v. Gale, 575 So.2d 760 (Fla. 4th DCA 1991).
Citing cases in which a defendant’s presence at the scene alone was insufficient evidence of dominion and control, Appellee asserts that under any interpretation of the facts, the state cannot establish a prima facie case. See e.g., Green v. State, 460 So.2d 986 (Fla. 4th DCA 1984); Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983). However, here there are facts evidencing dominion and control. How those facts play out must await the evidence at trial. And although Appellant’s knowledge and intent are disputed, these issues cannot be resolved on a (c)(4) motion. See S.T.N. v. State, 474 So.2d 884 (Fla. 4th DCA 1985); State v. Alexander, 406 So.2d 1192 (Fla. 4th DCA 1981); State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981); State v. Evans, 394 So.2d 1068 (Fla. 4th DCA 1981).
Therefore, we reverse the dismissal order and remand for further proceedings.
POLEN and PARIENTE, JJ., concur.