710 So.2d 604 (1998)
STATE of Florida, Appellant,
v.
Kerby PRESUME, Appellee.
No. 97-0890.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellant.
No brief filed on behalf of appellee.
PER CURIAM.
The state appeals from an order granting a sworn motion to dismiss an information charging appellee Presume with carrying a concealed firearm. Because there still remains an issue of material fact concerning the extent of the handgun's concealment, we reverse.
The state charged Presume and his co-defendant with carrying a concealed firearm, in violation of section 790.01(2), Florida Statutes (1995), following an incident which occurred on April 4, 1996. The police initially stopped the co-defendant's vehicle, in which Presume was a passenger, for a traffic infraction. However, the probable cause affidavit filed by the arresting officer indicated that while the officer was standing outside of the vehicle, he observed the "shiny silver butt of a handgun sticking out of the console located underneath the radio, easily accessible to both the defendant & co-defendant."
Presume filed a sworn motion to dismiss the charge, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), alleging that the state could not meet its burden of proving that the firearm was concealed, a necessary element of the crime proscribed by section 790.01(2). The state filed a sworn *605 traverse, denying the material allegations in Presume's motion to dismiss. During the hearing on this motion, the state cited Ensor v. State, 403 So.2d 349 (Fla.1981), for the proposition that the question of whether a firearm was concealed was a question for the trier of fact, and should not be determined by a motion to dismiss.[1] Accordingly, the state claimed that it needed to present the arresting officer's testimony at trial to explain the extent of the handgun's visibility and the ability of an ordinary person to detect that the object was a handgun. However, upon considering the arresting officer's probable cause affidavit, the trial court granted Presume's motion to dismiss the charge of carrying a concealed firearm.
Rule 3.190(c)(4) permits a defendant to file a pretrial motion to dismiss the information where "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." However, rule 3.190(d) mandates the denial of a defendant's motion to dismiss upon the state's filing of a sworn traverse specifically denying the material allegations of this motion. See Fla.R.Crim.P. 3.190(d).
The state contends that the trial court erred in granting Presume's motion to dismiss because the state's sworn traverse denied the material facts alleged in the motion. "Where a defendant's sworn motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is met with a traverse by the State which specifically denies under oath the material facts alleged, the motion to dismiss must automatically be denied." State v. Sawyer, 526 So.2d 191, 191-92 (Fla. 3d DCA 1988) (emphasis added) (citing Fla. R.Crim.P. 3.190(d)); accord State v. Rosenberg, 648 So.2d 1253 (Fla. 3d DCA 1995); State v. Weinstein, 623 So.2d 835 (Fla. 4th DCA 1993); Whatley v. State, 584 So.2d 219 (Fla. 4th DCA 1991); State v. McKinnon, 546 So.2d 464 (Fla. 4th DCA 1989).
The situation at bar is most factually akin to the third district's decision in State v. Harrell, 588 So.2d 54 (Fla. 3d DCA 1991), a concealed firearm case in which the arresting officer stated during his deposition that, after he stopped the defendant's car and shined his flashlight into the passenger area, he "observed the butt of a firearm in an unzipped case located in the partially open glove compartment." Id. at 55. The defendant filed a Rule 3.190(c)(4) motion to dismiss, alleging that the facts did not establish that the gun was concealed. See id. The state filed a traverse, denying that the gun was "visible to the casual and ordinary observations of a person in the normal associations of life," but the court granted the defendant's motion and dismissed the information. Id. On appeal, the third district relied on Sawyer in reversing the dismissal of the carrying a concealed firearm charge, finding that the state's traverse, which specifically denied the visibility of the firearm to an ordinary person, combined with the officer's deposition, which described the location of the gun, created an issue of fact. See id.
Thus, in the instant case, the combination of (1) the state's sworn traverse, specifically denying Presume's contention that the handgun was not concealed; (2) the arresting officer's probable cause affidavit, describing the precise location of the handgun in the vehicle; and (3) the state's citation to Ensor, were sufficient to create an issue of material fact concerning the extent of the handgun's concealment, thereby precluding dismissal of Presume's information for carrying a concealed firearm. See State v. Gale, 575 So.2d 760, 761 (Fla. 4th DCA 1991) (facts alleged in state's traverse, specifically denying that firearm was not concealed and further alleging that firearm was located on or near vehicle's floorboard, together with state's citation of Ensor, sufficient to overcome Rule 3.190(c) motion to dismiss); State v. Reid, 542 So.2d 453, 454 (Fla. 3d DCA 1989) (information charging defendant with *606 carrying concealed firearm not subject to dismissal where genuine issue of material fact existed concerning extent of firearm's concealment); Fla.R.Crim.P. 3.190(d).
Accordingly, we reverse and remand for further proceedings.
WARNER, FARMER and KLEIN, JJ., concur.
NOTES
[1] In Ensor, the seminal case interpreting section 790.01, the supreme court held that in addition to being "on or about the person," a concealed firearm must be hidden from the "ordinary sight of another person," which it defined as "the casual and ordinary observation of another in the normal associations of life." Id. at 354. The supreme court concluded that the ultimate decision of whether a firearm is concealed "must rest upon the trier of fact under the circumstances of each case." Id. at 355.